**STATE OF RHODE ISLAND** **FAMILY COURT**
**PROVIDENCE, SC**

**LOUISA RESENDES**
**CHARLES SMITH**

**VS** **FC P2004-2260M**

**NICOLE BROWN**

**Petition and Complaint – For Declaratory Injunctive Relief and Damages – Permanent Restraining Order – Civil Penalties - By Plaintiffs, individually and Plaintiffs as De facto parents of Cameron Brown, A Minor – To Permanently Restrain Defendants Nicole Brown and her attorney; United States of America Department of Justice; United States Attorney General District of Rhode Island; Rhode Island Attorney General; Witness Protection Coordinator; Assistant Attorneys General; Unknown State Prosecutor; Unknown Rhode Island State Police; Witness Protection Review Board and Guardian Ad Litem individually and in their official capacity – From Interfering with Plaintiff's and Minor Child's Civil and De Facto parent rights as set forth in Stipulation of the Court**

## PETITION

*NOW COME* the Plaintiffs Louisa Resendes and Charles Smith individually and as De facto parents of Cameron Brown, A Minor and submit in support of their Petition for Declaratory Injunctive Relief and Damages – Permanent Restraining Order – Civil Penalties, the following:

## COMPLAINT

Plaintiffs individually and Plaintiffs as De facto parents of Cameron Brown, A Minor, allege :

1. Plaintiffs bring this action to obtain Declaratory Injunctive Relief and Damages and to Permanently Restrain Defendants individually and in their official capacity from Interfering with Plaintiff's and Minor Child's Civil and De Facto parent rights as set forth in Stipulation of the Court and recover their costs, expenses, losses and other damages incurred or to be incurred as a result of Defendants interference with Plaintiff's and Minor Child's Civil and De facto parent rights as set forth in Stipulation of the Court.

## PARTIES

2. Plaintiffs Louisa Resendes and Charles Smith are now and at all times relevant to this action residents of Providence County, RI residing at 51 Drowne Street, Cranston, Providence County, RI

3. Defendant Nicole Brown is now and at all times relevant to this action a resident of the Witness Protection Program; Defendant Denise Aiken is now and at all time relevant to this action a resident of 56 Pine Street, Providence, RI 02903; Defendant United States of America Department of Justice is now and at all times relevant to this action a resident of 950 Pennsylvania Avenue, NW Washington, DC 20530; Defendant United States Attorney General District Of Rhode Island Robert C. Corrente is now and at all times relevant to this action a resident of 50 Kennedy Plaza, 8th floor, Providence, RI 02903; Defendants Rhode Island Attorney General Patrick C. Lynch,Witness Protection Coordinator Stephen Bathgate, Assistant Attorney General Cindy Soccio, Assistant Attorney General James Dube and Unknown State Prosecutor are now and at all times relevant to this action residents of 150 South Main Street, Providence, RI 02903; Unknown Rhode Island State Police are now and at all times relevant to this action residents of 311 Danielson Pike, Scituate, RI 02857; Defendant Unknown Members of Witness Protection Review Board are now and at all times relevant to this action residents of 82 Smith Street, State House Room 217, Providence RI 02903; Defendant Guardian Ad Litem Jan Head is now and at all times relevant to this action a resident of 1345 Warwick Avenue, RI 02888

4. Plaintiffs do not know the true names of Defendants 8 through 10 and therefore seek declaratory injunctive relief and damages, civil penalties and to permanently restrain them in their official capacity. Plaintiffs will amend this petition to include their names once they are known.

5. Plaintiffs are informed and believe, and based on that information and belief allege, that each of the Defendants known and unknown is legally responsible in some manner for the occurrences alleged in this Petition and unlawfully caused the injuries and damages to Plaintiffs and Minor Child Cameron Brown as alleged in this Petition.

6. At all time mentioned in this Petition unless otherwise alleged, each Defendant known and unknown was the agent, employee, or conspirator of every other Defendant, and in doing the acts alleged in this Petition, was acting within the course, scope and authority of their agency or employment.

**PRELIMINARY FACTS**

7. The acts that are the subject of this Petition occurred on or about July 6, 2005 and continue to the present in Cranston and Providence, Providence County, RI.

8. Plaintiffs Louisa Resendes and Charles Smith are the adjudged De facto parents of minor child Cameron Brown by Stipulation of the Court entered on January 18, 2004 granting rights including but not limited to visitation and communication with the minor child.

9. On July 6, 2005; July 11, 2005; July 22, 2005; August 5, 2005; August 16, 2005; September 6, 2005; November 9, 2005 and February 3, 2006 Defendants 1 through 10, and on February 17, 2006; March 3, 2006; March 17, 2006 and May 17, 2006 Defendants 1 through 11 interfered with Plaintiff's and minor child's civil and De facto parent rights by willfully, maliciously, intentionally and outrageously inflicting extreme mental suffering and acute mental distress on the Plaintiff's and the Minor Child, by willfully, maliciously and outrageously rendering it impossible for any personal contact to take place between Plaintiffs and the Minor Child .

10. On July 6, 2005 Defendant Nicole Brown lied to Cranston Police and with interference and assistance of Defendants 1 and 4 through 9 abducted the Minor Child from the Plaintiff's home abruptly terminating visitation of Minor Child with the Plaintiffs.

11. On July 11, 2005 Defendant's 1 through 10 engaged in violations of Jan-18-2005 Stipulation; Federal Kidnapping Prevention Act **(28 USC 1738A)**; Witness Protection Procedures **(USC Title 18 Part II, Chapter 224, Sections 3523;3524;and 3521)**; Procedures For Securing Witness Protection **( USAM Title 9 Paragraph M); July 7, 2005 Court ordered Temporary Custody Order.**

12. On July 22, 2005 Defendants 4 through 8 interfered and violated Plaintiff's and Minor Child's Civil Rights and De facto parent rights to civil proceedings as well as Temporary Custody Order of July 7, 2005 by requesting the Honorable Justice of the Court, via telephone communication , to Vacate the Enforcement Order issued for the Providence Police to retrieve the Minor Child from Defendant Nicole Brown and place him with Plaintiffs, in violation of **(USAM Title 9 Paragraph M and USC Title 18 Part II, Chapter 224, Section 3524, and Court Order),** resulting in the Order being vacated.

13. On August 5, 2005, Defendants 1 through 10 represented by and in the person by Cindy Soccio interfered with the Plaintiff's and Minor Child's civil and De facto parent rights and in violation of Witness Protection Procedures pertaining to child custody arrangements as described in **USC Title 18 and USC Title 9**, and in violation of **Court Rules of Civil Procedure** and Court Stipulation in requesting and being granted by the Honorable Justice to Vacate the Temporary Custody Order of July 7, 2005.

14. On August 16, 2005 and September 6, 2005 Defendants 1 through 10 in the person of Assistant Attorney General Cindy Soccio interfered with Plaintiff's and Minor Child's civil and De facto parent rights by acting as legal and defense counsel to Defendant Nicole Brown and attempted to defame Plaintiff's good name and reputation by making misrepresentations to the Court pertaining to Plaintiff's claim against Defendant Nicole Brown in their civil proceeding.

15. On November 9, 2005 Defendants 1 through 10 and in the person of unknown Assistant Attorney General exhibited similar conduct as described in Paragraph 14

16. On February 3, 2006 Defendant's 1 through 10 and in the person of Assistant Attorney General James Dube interfered with Plaintiff's and Minor Child's civil and De facto parent rights arbitrarily and in violation of a Court Order by ordering an investigation of Plaintiff's affidavit and motions in their civil proceeding before the Court attempting and succeeding in the defamation of Plaintiff's good name and reputation by prejudicial and biased influence on the outcome of the investigation.

17. On February 17, 2006 the Defendants 1 through 11 in the person of Assistant Attorney General James Dube and Defendant Guardian Ad Litem Jan Head interfered with Plaintiff's and minor child Cameron Brown's civil and De facto parent rights to visitation and communication by making representations to the Court and as a result of said investigation succeeded in the defamation of Plaintiff's good name and reputation resulting in the suspension of Plaintiff's and Minor Child's visitation and communication rights in violation of **USC Title 18 Part II Chapter 224 Section 3524; USAM Title 9 Pertaining to Child Custody Arrangments, and Court Stipulation.**

18. On March 17, 2006 Guardian Ad Litem Jan Head interfered with Plaintiff's and minor child Cameron Brown's civil and De facto parent rights to visitation and communication by willfull, prejudicial and biased conduct ( in support of Defendant's 1 through 11 and in the person of Assistant Attorney General James Dube's arbitrarily ordered investigation) with reckless disregard for the emotional and psychological repercussions to the minor child's mental and physical well being of the minor child Cameron Brown in violation of law in the best interest of the child and stipulation of the Court.

19. On May 17, 2006 Defendants 1 through 11 and in the person of Assistant Attorney James Dube and Defendant Guardian Ad Litem Jan Head interfered with Plaintiff's and minor child Cameron Brown's civil and De facto parent rights exhibiting similar conduct as described in Paragraph 18; Defendants 2 through 10 and in the person of Assistant Attorney General James Dube interfered with same rights mentioned, and by intentional and willful conduct to defame Plaintiff's good name and reputation and influence the Court in Plaintiff's civil proceeding against Defendant Nicole Brown

20. Plaintiff's and minor child Cameron Brown have suffered and continue to suffer severe mental and emotional distress as a direct consequence of Defendant's 1 through 11 conduct for interference with Plaintiff's and Minor Child's rights and deprivation and loss of full enjoyment of their cherished De facto and child relationship.

21. Plaintiffs have incurred and will continue to incur substantial expenses including counseling, attorney fees, legal costs, loss of wages associated with Defendants 1 through 11 interference with Plaintiffs individually and as De facto parent advocates on behalf of minor child Cameron Brown.

**FIRST CAUSE OF ACTION**
(Interference)
(Intentional Infliction of Mental Distress)

22. Plaintiffs incorporate by reference the allegations set forth in Paragraph 7 through 21, as though fully set forth here.

23. Defendants 1 through 11 conduct has and continues to obstruct and interfere with reckless disregard of Plaintiff's and minor child Cameron Brown's civil and De facto parent rights as well as full enjoyment of their cherished relationship resulting in the suffering of extreme mental distress.

**SECOND CAUSE OF ACTION**
(Negligence)
(Violation of Statutes – Intentional Infliction of Emotional Distress)

24. Plaintiffs incorporate by reference the allegations set forth in Paragraph 7 through 23, as though fully set forth here.

25. Defendants 1 through 11 have and continue to willfully and negligently breach their duty of care and responsibility to statutory requirements and intentionally inflict extreme emotional distress upon Plaintiff's and Minor Child's civil and De facto parent rights as well as full enjoyment of their cherished relationship resulting in the suffering of extreme emotional distress.

**THIRD CAUSE OF ACTION**
(Defamation)
(Intentional and Willful Infliction of Emotional and Mental Distress)

26. Plaintiffs incorporate by reference the allegations set forth in Paragraph 7 through 25, as though fully set forth here.

27. Defendants 1 through 11 and in the person of Assistant Attorney James Dube have and continue to willfully defame Plaintiff's good name and reputation by engaging in prejudicial and biased conduct; obstructing and interfering with Plaintiff's and Minor Child's civil and De facto parent rights; rights to civil proceedings by misrepresentation to the court as well as full enjoyment of their cherished relationship resulting in the suffering of extreme emotional distress.

**FOURTH CAUSE OF ACTION**
(Conduct)
(Infliction of Emotional and Mental Distress and Financial Burden)

28. Plaintiffs incorporate by reference the allegations of Paragraph 7 through 27, as though fully set forth here.

29. At all times to this action Defendant's 1 through 11 have and continue to interfere and obstruct with reckless disregard Plaintiff's and Minor Child's rights causing extreme mental suffering and acute mental distress on the Plaintiffs and Minor Child by willfully, maliciously and outrageously rendering it impossible for any personal contact or other communication to take place between the Plaintiffs and Minor Child as well as full enjoyment of their cherished relationship, and causing personal economic loss and financial hardship on the Plaintiffs.

**APPLICATION FOR PETITION AND COMPLAINT**

30. Civil Rights and interests protected by and under the Constitution of the United States; Rhode Island Constitution ; Rhode Island General Laws pertaining to Domestic Relations; Uniform Paternity Act; federal and state Tort Claims Act.

*WHEREFORE,* Plaintiffs respectfully request Judgement and Order against the Defendants for:

1. Declaratory Injunctive Relief and Damages, Civil Penalties and to Permanently Restrain Defendants from interfering with Plaintiff's and Minor Child's civil and De facto parent rights as set forth in Stipulation of the Court.

2. Plaintiff's and Minor Child's losses, injuries, expenses and costs include deprivation of full enjoyment of their cherished De facto parent relationship with Minor Child, mental and emotional distress, attorneys fees, medical costs and other legal fees

3. Such other and further relief as the court may deem just and proper.

THIS MATTER IS ON THE CALENDAR FOR JUNE 19, 2006.

**Plaintiffs,**
**Pro Se,**

Louisa Resendes
Charles Smith

**LOUISA RESENDES**
**CHARLES SMITH**
**51 Drowne Street**
**Cranston, RI 02905**
**(401) 935-7432**
**(401) 374-6859**

# CERTIFICATION

We hereby certify that a true copy of the within was faxed and mailed to the following on June 14, 2006.

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

U.S. Attorney District of RI
40 Kennedy Plaza, 8th Floo
Providence, RI 02903

RI Attorney General
150 South Main Street
Providence RI, 02903

RI State Police
311 Danielson Pike
Scituate, RI 02857

Witness Protection Review Board
82 Smith Street
State House Room 217
Providence, RI 02903

Denise C. Aiken, Esq
RI Legal Services
56 Pine Street
Providence, RI 02903

Ian Head, Esq
[illegible] Warwick Avenue
Warwick, RI 02888

Plaintiffs ;

LOUISA RESENDES/CHARLES SMITH

**STATE OF RHODE ISLAND** **FAMILY COURT**
**PROVIDENCE, SC**

**LOUISA RESENDES**
**CHARLES SMITH**

**VS** **FC P2004 – 2260M**

**NICOLE BROWN**

**MOTION TO HOLD IN CONTEMPT AND CIVIL PENALTIES THE UNITED STATES DEPARTMENT OF JUSTICE, US ATTORNEY GENERAL DISTRICT OF RI ROBERT C. CORRENTE; RI ATTORNEY GENERAL PATRICK C. LYNCH; WITNESS PROTECTION COORDINATOR STEPHEN BATHGATE; UNKNOWN RI STATE PROSECUTOR(S); RI ASSISTANT ATTORNEY GENERAL CINDY SOCCIO; RI ASSISTANT ATTORNEY GENERAL JAMES DUBE; UNKNOWN MEMBERS OF WITNESS PROTECTION REVIEW BOARD; UNKNOWN RI STATE POLICE – OF COURT ORDERS AND OBSTRUCTION AND INTERFERENCE WITH CIVIL PROCEEDINGS**

*NOW COME* the Plaintiffs, and move this Honorable Court to enter an Order granting them their Motion to Hold the Above Named in Contempt of Court Orders and Obstruction of Civil Proceedings. Plaintiffs submit in support of their motion the following:

1.The United States Federal Witness Protection Program is established by the Crime Control Act of 1970 and revised by the Comprehensive Crime Control Act of 1984; the Witness Security Reform Act of 1984; the Victim and Witness Protection Act of 1982; the Crime Control Act of 1990, the Violent Crime Control and Law Enforcement Act of 1994, a.k.a. Crime Bill; the Antiterrorism and Effective Death Penalty Act of 1996; the Victims Rights Clarification Act of 1997 to provide for the relocation and protection of a witness or a potential witness of the federal government, or for a state government in an official proceeding concerning organized crime or other serious offenses;

2. The Witness Security Reform Act of 1984 authorizes the Attorney General to provide protection to state and local witnesses;

3. The Rhode Island Attorney General is a participant of The Federal Witness Protection Program pursuant to R.I. General Laws Chapter 12-30, sections 1-13;

4. The Above Named, in placing the defendant in the Witness Protection Program, have engaged in the violation of the following :

a- Stipulation of January 18, 2005;

b- Federal Kidnapping Prevention Act (28 USC 1738A) ;

c- Witness Protection Procedures (USC Title 18 Part II, Chapter 224, Sections 3524, 3523 and 3521);

d- Procedures for Securing Witness Protection (USAM Title 9 paragraph (M) ;

e- Temporary Custody Order for the mental and physical safety of the minor child, Cameron Brown of July 7, 2005;

5. The Above Named have unlawfully placed the minor child, Cameron Brown, in the Witness Protection and Relocation Program, pursuant to the requirements and procedures of the following:

a- USC Title 18 Part II, Chapter 224, Section 3524, pertaining to Child Custody Arrangements;

b- USAM Title 9, 701 Procedures for Securing Witness Protection, Paragraph (M);

6. The Citations of Federal Statues in paragraphs (4. b-d) are applicable to the Above Named pursuant to the following:

a- USAM 9-21.000 and specifically 9-21.140 State and Local Witnesses;

***WHEREFORE***, Plaintiffs respectfully request this Honorable Court enter an Order as follows:

1. Court finding that the Above Named are in Contempt of Court Orders;

2. Court finding that the Above Named are in violation of State and Federal Statues as brought forward in the Plaintiffs Motion;

3. Court finding that the Above Named unlawfully placed the minor child, Cameron Brown in the Witness Protection and Relocation Program;

4. Granting Plaintiffs their Motion to Hold the Above Named in Contempt of Court Orders and Obstructing Civil Proceedings; and amercement

5. Court finding that the Honorable Justice O'Brien' s Order of August 5, 2005, Vacating the Honorable Justice D'Ambra's Order of July 7, 2005, for Temporary Custody is an Order entered in error of the Court pursuant to USAM Title 9, 701 Procedures, Paragraph (M);

6. Granting Plaintiffs an Order Honoring the Honorable Justice D'Ambra's Order of July 7, 2005, in placing the minor child, Cameron Brown with the plaintiffs;

7. Granting Plaintiffs an Order that the Above Named bear all reasonable costs in relation to the placement of the minor child, Cameron Brown with the Plaintiffs;

8. Granting Plaintiffs all costs related to two previous visitations with the minor child, pursuant to 18 USC Sec. 3524;

9. Granting Plaintiffs an Order for the Above Named to bring Defendant before this Honorable Court to answer complaints made by Plaintiffs;

10. Granting Plaintiffs a Court appointed mediator and or arbitrator experienced in domestic relations, pursuant to 18 USC Sec. 3524;

11. Awarding Plaintiffs monetary damages;

12. Granting such other and further relief this Honorable Court shall deem meet;

THIS MATTER IS ON THE CALENDAR FOR **JUNE 19, 2006**

Plaintiffs,
Pro Se,

Louisa Resendes
Charles Smith

LOUISA RESENDES
CHARLES SMITH
51 Drowne Street
Cranston RI, 02905
(401) 935-7432
(401) 374-6859

# CERTIFICATION

We hereby certify that a true copy of the within was faxed and mailed to the following on June 14, 2006.

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

U.S. Attorney District of RI
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

RI Attorney General
150 South Main Street
Providence RI, 02903

RI State Police
311 Danielson Pike
Scituate, RI 02857

Witness Protection Review Board
82 Smith Street
State House Room 217
Providence, RI 02903

Denise C. Aiken, Esq.
RI Legal Services
56 Pine Street
Providence, RI 02903

Ian Head, Esq.
1345 Warwick Avenue
Warwick, RI 02888

Plaintiffs ;

Louisa Resendes / Charles Smith

LOUISA RESENDES/CHARLES SMITH