UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LOUISA RESENDES | ) | |
| CHARLES SMITH | ) | |
| | ) | C.A. NO. 06-286ML |
| V. | ) | |
| | ) | |
| NICOLE BROWN | ) | |

**FEDERAL DEFENDANTS' MOTION TO DISMISS**

Federal defendants move to dismiss the within action, for reasons set forth in the attached memorandum of law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 19th day of July, 2006, a copy of the within was served by first class mail, postage pre-paid as follows:

Louisa Resendes
Charles Smith
51 Drowne Street
Cranston, RI 02905

Rhode Island Attorney General
150 South Main Street
Providence, RI 02903

Rhode Island State Police
311 Danielson Pike
Scituate, RI 02857

Witness Protection Review Board
State House Room 217
82 Smith Street
Providence, RI 02903

Denise C. Aiken, Esq.
Rhode Island Legal Services
56 Pine Street
Providence, RI 02903

Jan Head, Esq.
1345 Warwick Avenue
Warwick, RI 02888

[signature]

SCANNED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LOUISA RESENDES<br>CHARLES SMITH | ) | |
| | ) | C.A. NO. 06-286ML |
| V. | ) | |
| | ) | |
| NICOLE BROWN | ) | |

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

In support of their motion to dismiss for insufficiency of process, insufficiency of service of process, lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Rules 4(i), 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, defendants United States of America Department of Justice and United States Attorney General District of Rhode Island (the Federal defendants) assert the following:[1]

## I. TRAVEL

This case was originally filed by the plaintiffs against defendant, Nicole Brown, in Rhode Island Family Court on September 8, 2004. On June 14, 2006, *pro se* plaintiffs, Louisa Resendes and Charles Smith, filed a petition in the pending Rhode Island Family Court case naming, *inter alia*, the Federal defendants.

[1] In addition to the grounds raised in this Motion to Dismiss, plaintiffs have named improper parties. The only proper party in claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, is the United States. See Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) (stating that "the FTCA requires that the named defendant in an FTCA action be the United States and only the United States" citing 28 U.S.C. §§ 1346(b), 2674, 2679(a)).

On June 16, 2006, the United States Attorney for the District of Rhode Island filed a Notice of Removal in the United States District Court and notified the Family Court of the removal on the same day, pursuant to 28 U.S.C. § 1446(2)(e). Thus, the removal to Federal Court has been effectuated.

## II. ALLEGATIONS

(1) Plaintiffs' allegations are not entirely clear. Their claim against the defendants appears to be based upon interference with a child custody arrangement of a minor child. The petition also alleges violations of the State Witness Protection Program, but does not specify how the pertinent statute(s) may have been violated. Petition ¶¶ 11, 13.

(2) Although plaintiffs name "the United States Attorney General District of Rhode Island (sic)," as a defendant, and although plaintiffs allege specific conduct on the part of the other named defendants, plaintiffs do not allege any specific action taken by the United States Attorney to interfere with the custody of the minor child.

(3) Plaintiffs' petition contains four counts: Count I, interference; Count II, negligence; Count III, defamation; and Count IV, conduct. All four counts also refer to the tort of intentional infliction of emotional distress ("IIED"). Plaintiffs refer alternately to IIED as intentional infliction of mental distress, intentional and willful infliction of emotional and mental distress and infliction of emotional and mental distress and financial burden.

## III. ARGUMENT

### A. Plaintiffs Have Failed To Properly Serve The United States

Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure provide for dismissal of an action for insufficiency of process and insufficiency of service of process. Since plaintiffs

filed a petition against the United States, they were required to serve the United States in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

The procedure for service upon the United States is explicitly set out in Rule 4(i) of the Federal Rules of Civil Procedure:[2]

> (1) Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney **and**
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed. R. Civ. P. Rule 4(i) (emphasis added). Service on the United States is not complete without proper service on the United States Attorney, the Attorney General and the relevant agency, in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. Failure to comply with these rules will result in dismissal of the party for lack of personal jurisdiction. Media Duplication Services Limited v. HDG Software, 928 F.2d 1228, 1235 (1st Cir. 1991); Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594-95 (1st Cir. 1982). These are mandatory requirements which cannot be dispensed with as a simple formality. Smith v. McNamara, 395 F.2d 896, 898 (10th

---

[2] Although the cases cited herein refer to Fed. R. Civ. P. Rule 4(d), due to the amendments to the Federal Rules of Civil Procedure, the former Rule 4(d) is now known as Rule 4(i).

Cir. 1968); Franco-Rivera v. Chairman of Board of Directors of Federal Deposit Insurance Corporation, 690 F. Supp. 118, 122 (D.P.R. 1988).

In this case, the named Federal defendants are the United States of America Department of Justice and the United States Attorney General for the District of Rhode Island. Although the claims against the Federal defendants are improper (see argument, *infra*), proper service was nonetheless required upon the United States Attorney, Attorney General of the United States and the proper agency. However, the mailed petition did not contain a summons and thus process is insufficient and must be dismissed in accordance with Rule 12(b)(4). Additionally, neither the United States Attorney for the District of Rhode Island, nor the Attorney General of the United States, nor the relevant agency was served by personal service or by certified or registered mail in accordance with Rule 4(i).[3] Thus service of process is insufficient and must be dismissed under Rule 12(b)(5). Because both process and service are insufficient, the petition against the Federal defendants must be dismissed.

**B. Plaintiffs Failed To File An Administrative Claim**

It is well established that an action may not be maintained against the United States without its consent. United States v. Mitchell, 445 U.S. 535 (1980); Dalehite v. United States, 346 U.S. 15, 30 (1953); Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682 (1949). Absent a waiver of sovereign immunity, a court is without subject matter jurisdiction to proceed. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. King, 395 U.S. 1, 4 (1969). Statutes which waive sovereign immunity must be strictly construed in favor of the United

[3] The petition contained a certification that plaintiffs mailed and faxed copies of the petition to, *inter alia*, the United States Department of Justice and the United States Attorney for the District of Rhode Island, but these do not constitute proper service.

States. United States v. Sherwood, 312 U.S. 584, 590 (1941); United States v. Mitchell, 445 U.S. at 538; Ware v. United States, 626 F.2d 1278, 1286 (5th Cir. 1980); Skwira v. United States, 344 F.3d 64, 73-74 (1st Cir. 2003). The starting point for any analysis of jurisdiction in a lawsuit against the United States is the applicable statutory waiver of sovereign immunity. "[T]he terms of its waiver ... define the parameters of a federal court's subject matter jurisdiction to entertain suits brought against it." Id.

This Court has not acquired subject matter jurisdiction over plaintiffs' claims under the Federal Torts Claims Act ("FTCA") for interference (Count I), negligence (Count II), defamation (Count III), and conduct (Count IV), or emotional distress (all counts) because plaintiffs have failed to file an administrative claim in accordance with 28 U.S.C. § 2675 which provides in part:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have **first** presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Id. (emphasis added).

The requirement for a properly adjudicated administrative claim is a jurisdictional prerequisite to filing an action under the FTCA and the requirement cannot be waived. United States v. Kubrick, 444 U.S. 111, 117-18 (1979); Cascone v. United States, 370 F.3d 95, 103 (1st Cir 2004); Swirka, 344 F.3d at 71; Corte-Real v. United States, 949 F.2d 484 (1st Cir. 1991). Jurisdiction must exist at the time the complaint is filed. Keen v. United States, 508 U.S. 200,

208 (1993). An FTCA action may not be maintained when the claimant fails to exhaust her administrative remedies prior to filing suit. McNeil v. United States, 508 U.S. 106, 109 (1993).

Plaintiffs have not submitted an administrative claim regarding the allegations in the petition. Since plaintiffs have failed to exhaust their administrative remedies as required by the FTCA, Counts I, II, III, IV, and the claim for intentional infliction of emotional distress against the Federal defendants must be dismissed for lack of subject matter jurisdiction.

## C. Plaintiffs Have Failed To State Claims Upon Which Relief May Be Granted

Even if plaintiffs had filed an administrative claim, which they did not do, their petition against the Federal defendants should also be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Three of the Counts alleged in the petition are not valid claims against the United States under the FTCA. Additionally, even if the United States Attorney's office were involved in this case, which it was not, to the extent plaintiffs' claims are brought under the Federal Witness Relocation and Protection statute, that statute bars civil liability on account of decisions to provide witness protection. See 18 U.S.C. § 3521 (2006). Accordingly, the petition against the Federal defendants must be dismissed.

### 1. Interference And Conduct Are Not Valid Tort Claims

Counts I and IV in the petition purport to assert tort claims. However, no cause of action for "interference" or "conduct" exists. If plaintiffs refer to the tort of interference with contract rights in Count I, this claim, as against the Federal defendants, is barred by the FTCA. See 28 U.S.C. § 2680(h).

As stated above, an action may not be maintained against the United States without its consent (see argument, *supra*). Unless the United States waives sovereign immunity, a court is without subject matter jurisdiction to proceed. Testan, 424 U.S. at 399.

The United States has not waived sovereign immunity for the tort of interference with contract rights. 28 U.S.C. § 2680 states "[t]he provisions of the chapter ... shall not apply to – (h) Any claim arising out of ... interference with contract rights." An exception to the exclusions of § 2680(h) exists, allowing suits involving investigative or law enforcement officers. However, the United States Attorney is not an exception to this rule because he is not an investigative or law enforcement officer, but a prosecutor. The statute defines an investigative or law enforcement officer as someone who is "empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law." Id. See Ames v. United States, 600 F.2d 183, 185 (8th Cir. 1979) (holding that United States Attorneys are not federal investigative or law enforcement officers within the meaning of the FTCA because they are not empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law; citing 28 U.S.C. § 547). Accordingly, plaintiffs may not bring claims against the United States Attorney for interference with contract rights.

Since the FTCA does not waive sovereign immunity for the tort of interference with contract rights, Count I of plaintiffs' petition must be dismissed. Count IV must also be dismissed because "conduct" is not a cognizable tort claim.

### 2. **The FTCA Does Not Waive Sovereign Immunity For Defamation Claims**

Plaintiffs' defamation claim (count III), is improperly brought against the United States Attorney. 28 U.S.C. § 2680 states "[t]he provisions of this chapter ... shall not apply to – (h)

Any claim arising out of ... libel, slander ... " Libel and slander are "defamation." See Davric Maine Corp. v. United States Postal Service, 238 F.3d 58, 62 (1st Cir. 2001) (stating that the provisions of the FTCA do not apply to defamation suits); Jimenez-Nieves v. United States, 682 F.2d 1, 6 (1st Cir. 1982) (stating that the FTCA "explicitly exempts 'libel' and 'slander' – what amounts to 'defamation' ... from the claims to which the United States grants consent to be sued). Additionally, as referenced above, the United States Attorney does not fall under the law enforcement exception to this exclusion. See 28 U.S.C. § 2680(h); Ames, 600 F.2d at 185.

Since the FTCA does not waive sovereign immunity for the intentional tort of defamation committed by a non-law enforcement official, the defamation claim is improperly brought against the Federal defendants. Accordingly, this claim must be dismissed.

**3. None of Plaintiffs' Claims Is Cognizable**

Plaintiffs make several references to the tort of intentional infliction of emotional distress ("IIED"). To the extent plaintiffs' claims are based on the Federal Witness Relocation and Protection statute (FWRP) 18 U.S.C. § 3521 (2006), the claims are barred. FWRP bars liability on account of any decision to provide protection under the statute. 18 U.S.C. § 3521(a)(3).

The United States was not involved in any aspect of the underlying case which, reading the pleadings in the case, and reading between the lines of the petition, appears to have involved the placement of a minor into the State Witness Protection Program. See State's Obj. to Pl.'s Mot. to Bring the Attorney General of the State of Rhode Island In As A Party, p. 1, ¶ 3. However, even if the Federal defendants were involved in the decision-making process, it would have been in accordance with FWRP, which explicitly states that "[t]he United States and its officers and employees shall not be subject to any civil liability on account of any decision to

provide or not to provide protection under this chapter." 18 U.S.C. § 3521(a)(3). Under this statute, the Federal defendants could not be held civilly liable for a decision to place the child into a witness protection program.[4] Accordingly, to the extent plaintiffs' claims are based on the FWRP, the claim for emotional distress and all other claims against the Federal defendants must be dismissed for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

WHEREFORE, for all of the foregoing reasons, plaintiffs' petition should be dismissed against the Federal defendants.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

[4] As noted, the Federal defendants played no role in the placement of any named party in the State Witness Protection Program.

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July, 2006, I caused a copy of the Notice of Removal to forwarded, by postage prepaid mail, to:

Louisa Resendes
Charles Smith
51 Drowne Street
Cranston, RI 02905

Rhode Island Attorney General
150 South Main Street
Providence, RI 02903

Rhode Island State Police
311 Danielson Pike
Scituate, RI 02857

Witness Protection Review Board
State House Room 217
82 Smith Street
Providence, RI 02903

Denise C. Aiken, Esq.
Rhode Island Legal Services
56 Pine Street
Providence, RI 02903

Jan Head, Esq.
1345 Warwick Avenue
Warwick, RI 02888

Nancy A. DiDomenico [signature]