UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LOUISA RESENDES
CHARLES SMITH

V. C.A. NO. 06-286ML

NICOLE BROWN

**PLAINTIFFS' OBJECTION TO FEDERAL DEFENDANTS' MOTION TO DISMISS**

Plaintiffs move to object the Federal defendants' Motion to Dismiss the action within, for reasons set forth in the attached memorandum of law.

Respectfully submitted,

Plaintiffs,

Pro Se,

Louisa Resendes
Charles Smith

LOUISA RESENDES
CHARLES SMITH
51 Drowne St.
Cranston RI., 02905
(401) 935-7432
(401) 374-6859

**CERTIFICATION**

We hereby certify that on the 29th day of July, 2006, a true copy of the within was mailed to the following:

U.S Department of Justice
950 Pennsylvania Avenue
Washington, DC 20530

U.S. Attorney District of RI
50 Kennedy Plaza 8th Floor
Providence, RI 02903

RI State Attorney General
150 South Main Street
Providence, RI 02903

RI State Police
311 Danielson Pike
Scituate, RI 02857

Witness Protection Review Board
82 Smith Street
State Room 217
Providence, RI 02903

Denise C. Aiken, Esq.
RI Legal Services
56 Pine Street
Providence, RI 02903

Jan Head, Esq.
1345 Warwick Avenue
Warwick, RI 02888

Louisa Resende Charles Smith
LOUISA RESENDES/CHARLES SMITH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LOUISA RESENDES
CHARLES SMITH

V. C.A. NO. 06-286ML

NICOLE BROWN

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF OBJECTION TO FEDERAL DEFENDANTS' MOTION TO DISMISS**

In support of their objection for reasons pursuant to Rule 14(b) of the Federal Rules of Civil Procedure; R.I.G.L. 9-30-1, 9-30-5, 9-30-8 of Title 9, Chapter 9-30; R.I.G.L 9-5-18 of Title 9, Chapter 9-5; R.I.G.L. 8-10-28 of Title 8, Chapter 8-10; United States Constitution Amend.(s) 5 and 14; Rhode Island State Constitution Article I, Section(s) 2, 5, 15 and 23, Article III, Section 7; Constitutionally Protected Interests 8, 9; Constitutional Tort Remedies 28 U.S.C.S. 1346(b), 2679(d, c), 2680(h, a); Witness Protection Procedures 18 U.S.C.S. Part II, Chapter 224, Section 3524; Federal Kidnapping Prevention Act 28 U.S.C.S. 1738A; R.I.G.L. 15-5-16(d)(1) of Title 15, to Federal defendants' Motion to Dismiss, plaintiffs assert the following:[1]

---

[1]In addition to the reasons set forth in this Objection, all parties named in plaintiffs Petition and Complaint for Declaratory Injunctive Relief and Damages -Permanent Restraining Order - Civil Penalties - To Permanently Restrain Defendants - From Interfering with, are properly named in accordance with R.I.G.L. 9-1-43, 9-30-13, 9-30-6, of Title 9, Chapters 9-1, 9-30, and 18 U.S.C.S. Part I, Chapter 73, Section 1509, claims under and set forth in plaintiffs Application for the Petition and Complaint. See page 6 of Petition.

## I. CASE SUMMARY

1. This case was originally filed by plaintiffs (through their attorney at the time of filing, Stephen Robinson, Esquire) against defendant Nicole Brown, in Rhode Island Family Court on September 8, 2004, on a Miscellaneous Complaint for Guardianship and Emergency Motion for Temporary Guardianship and Custody of the defendant's minor child Cameron Brown, DOB 5-16-00 (and whom plaintiffs had lovingly raised, cared and provided, assuming on a day to day basis, the role of parents, fulfilling both the child's physical and psychological needs for care and affection) since September 17, 2000 (four months after his birth).

2. This action resulted in a Court Stipulation on January 18, 2005, which adjudged plaintiffs, the de facto parents of the minor child Cameron Brown, granting (but not limited to) all reasonable rights to visitation and communication with the minor child. See State of Rhode Island and Providence Plantations, Stipulation, Family Court, p.(s) 1 and 2 (P04-2260M).

3. On July 7, 2005, pro se plaintiffs filed an ex-parte emergency motion for the mental and physical safety of the minor child Cameron Brown, and were granted a Temporary Custody Order of the minor child. Defendant Nicole Brown was served respective summons and copy of Order on July 11, 2005. See State of Rhode Island and Providence Plantations, Order, Summons, and Proof of Service, Family Court (P04-2260M).

4. On July 22, 2005, plaintiffs (through their attorney at the time of filing Edward Pepe, Esquire) filed an Affidavit and Ex-Parte Motion for Physical Possession and were granted an Order for the Providence Police to forthwith obtain physical possession of the minor child Cameron Brown and deliver him to plaintiffs, at their residence. See State of Rhode Island and Providence Plantations, Affidavit, Order, Family Court (P04-2260M). At this time, plaintiffs (through their attorney) became informed, that the defendant Nicole Brown had become a participant of the Witness Protection and Relocation Program, and had been relocated with her minor children, (including the minor child Cameron Brown) out of the State of Rhode Island, by the Rhode Island State Attorney General's Office.[2]

5. Plaintiffs, pro se individually and Plaintiffs as the De facto parents of Cameron Brown , A Minor, claim defendants' interference with their, and minor child's, civil and de facto parent rights, defined and set forth in the January 18, 2005, Stipulation as an Order and Decree of the Rhode Island State Family Court, by, obstructing justice, in civil and legal proceedings, thereby obstructing and interfering, (with reckless disregard) in a cherished family matter, specifically in a

---

[2] 18 USC, Part II, Chapter 224-Protection of Witnesses, Section 3521. Witness relocation and protection, Subsection (d) (1) (G), (in ref. to memorandum of understanding) requires , "the agreement of the person to make a sworn statement of all outstanding legal obligations, including obligations concerning child custody and visitation", Section 3524. Child custody arrangements Subsection (a) states, "the Attorney General may not relocate a child in connection with protection provided under this chapter if it appears that a person other than that protected person has legal custody of that child".

parent child relationship, protected under the due process clauses of the 5th and 14th Amend.(s) of the United States Constitution; Constitutionally Protected Interests (8, 9)[3]; and by violating Rhode Island Family Court Orders, pertaining to child custody and visitation (a conduct made criminal and punishable under 18 U.S.C.S Part I, Chapter 73- Obstruction of Justice, Sec.1509. Obstruction of court orders)[4]; State and Federal Statutes specifically (and as described in plaintiffs, pro se Petition for Declaratory Injunctive Relief and Damages, and in Motion to Hold in Contempt, pending before the Honorable Court), 28 U.S.C.S. Part V, Chapter 115 - Evidence; Documentary, Sec. 1738A. Full faith and credit given to child custody determinations, Federal Kidnapping Prevention Act[5], 18 U.S.C.S. Part II, Chapter 224 - Protection of Witnesses, Sec. 3524. Child custody arrangements, Federal Child Abuse Prevention Act and Treatment of 1974[6].

---

[3] It is beyond dispute "that freedom of personal choice in matters of family life is a fundamental liberty interest" protected by the Constitution. Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct., 1388, 1394, 71 L.Ed.2d. 599 (1982). (47) That freedom encompasses a wide variety of choices and activities: (53) Among the most important liberties accorded this special treatment is the freedom of a parent and child to maintain, cultivate, and mold their ongoing relationship,... free of government interference. William Franz, et al, Appellants, v. United States of America et al. No. 81-2369. United States Court of Appeals, District of Columbia Circuit.

[4] No injunctive or other relief against the conduct made criminal by this section shall be denied on the ground that such conduct is a crime.

[5] Subsection (b) (3) "custody determination" means a judgment, decree, or order of a court providing for the custody of a child, and includes permanent and temporary orders, and initial orders and modifications;

[6] According to the Act, child maltreatment is defined as "the physical or mental injury, sexual abuse, negligent treatment, or maltreatment of a child under the age of eighteen by a person who is responsible for the child's welfare under circumstances which indicate that the child's welfare is harmed or threatened thereby" (Public Law 93-247, 93rd Congress, Senate 1191, 1974). Ref. Parental Kidnapping: A new form of child abuse. (Dorothy S. Huntington, Ph. 1.).

## II. PLAINTIFFS' OBJECTION TO FEDERAL DEFENDANTS' II. ALLEGATIONS

(1) Plaintiffs deny that their allegations are not entirely clear. Plaintiffs' claim clearly alleges; (in the Petition and Complaint - for Declaratory Injunctive Relief and Damages - Permanent Restraining Order - Civil Penalties - To Permanently Restrain Defendants - From Interfering with Plaintiffs' and Minor Child's Civil and De facto parent rights, and in Motion to Hold in Contempt and Civil Penalties - of Court Orders and Obstruction and Interference with Civil Proceedings) misfeasance and interference with a family matter proceeding before a Rhode Family Court Justice (Louisa Resendes and Charles Smith vs. Nicole Brown (FC P04-2260M)), in direct violation of 18 U.S.C.S Part II, chapter 224, Sec. 3524.Child custody arrangements (specific statutory requirements (duty of care) in placing minor children in the Witness Protection and Relocation Program (See 18 U.S.C. Sec.3524)); obstruction of civil (due process clauses 5th and 14th Amend.(s) of the U.S. Constitution) and legal (Rhode Island State Court Orders (a conduct made criminal under 18 U.S.C.S. Part I, Chapter 73, Sec.1509. Obstruction of court orders)) proceedings, in direct violation of state and federal Statutes 28 U.S.C.S. Part V, Chapter 115, Sec. 1738A. Full faith credit given to child custody determinations.

(2) Plaintiffs deny allegation. See Motion to Hold in Contempt and Civil Penalties of Court Orders and Obstruction and Interference with Civil Proceedings.

(3) Plaintiffs affirm allegation.

## III. PLAINTIFFS' OBJECTION TO FEDERAL DEFENDANTS' III. ARGUMENT

**A.** Plaintiffs contend that the case of Louisa Resendes and Charles Smith v. Nicole Brown FC P04-2260M, C.A. NO. 06-286ML, was a matter pending in the Rhode Island Family Court since August 5, 2005, and on the Court's Calendar for June 19, 2006 at the time of the action filed naming, *inter alia*, the Federal defendants. Pursuant to R.I.G.L. (s) Title 9 Courts and Civil Procedure, Chapter 9-30 Uniform Declaratory Judgment Act Sec.(s) 9-30-1, 9-30-5, 9-30-8 and 9-30-6, the action filed on June 14, 2006, is a matter within Rhode Island Family Court Jurisdiction.

Accordingly, R.I.G.L.(s) Title 9, Chapter 9-1 Causes of Action, Sec.9-1-43. Civil action for child snatching., is applicable to any person in violation of R.I.G.L. 11-26-1.1, Chapter 9-5 writs, Summons and Process, Sec.9-5-18. Adaptation of forms to more than one defendant., the forms provided by law may be altered so as to combine form of service, in order that they may be served on one or more of the defendants.

The form of service served is appropriate and customary in matters scheduled for hearing within the Rhode Island Family Court. The pro se plaintiffs petition and motion naming, *inter alia*, the Federal defendants are applicable to the plaintiffs

pleading for injunctive relief. Therefore, plaintiffs deny the Federal defendants, claim for insufficiency of process, insufficiency of service of process, and lack of subject matter jurisdiction.

**B.** Plaintiffs deny Federal defendants' claim that plaintiffs failed to file an administrative claim, (See attached items) further, the policy rationale used in the Federal defendants' claim is not applicable to a suit for injunctive relief, the distinction, for immunity purposes between suits for money damages and suits for prospective relief is set forth in detail in Conover v. Montemuro, 477 F.2d 1073, 1094-1104 (3d Cir. 1973) (Gibbons, J., concurring in denial of rehearing). Congress has not waived the government's sovereign immunity against all law enforcement acts or omissions. The FTCA specifies that the liability of the United States is to be determined 'in accordance with the law of the place where the (alleged tortious) act or omission occurred.' 28 U.S.C S 1346(b).

**C.** Plaintiffs deny Federal defendants' claim that plaintiffs failed to state a claim upon which relief may be granted. In accordance with 28 U.S.C S 1346(b), in an action under the FTCA, a court must apply the law the state courts would apply in the analogous tort action, including federal law. Pursuant to R.I.G.L.(s) 9-1-43, Title 9, Chapter 9-1, the claims clearly alleged in plaintiffs Petition and Motion are applicable in a pleading for injunctive relief and damages under the Application for Petition and Complaint. See page 6 of Petition and pages 1-3 of Motion.

Further, the circumstances in which the defendant Nicole Brown became a candidate for the Witness Protection and Relocation Program, (an authorized provision of the program, revised by the Victim and witness Protection Act of 1982, amended and expanded by the Victims of Crime Act of 1984) does not serve as a shield for the United States Attorney's office. See US Attorneys>USAM>Title 3, 3-7.100-3-7.340; and US Attorneys>USAM>Title 9, 9-21.100, 9-21.140, and 9-21.200.

Additionally, 'federal statute, regulation, or policy specifically prescribing a course of action for an employee to follow', as prescribed in 18 U.S.C.S. Part II, Chapter 224, Sec. 3524. Child custody arrangements does not bar civil liability.

**1.** Plaintiffs differ from Federal defendants' assertion of plaintiffs' Counts I and IV in the petition to assert tort claims. The matter related to Louisa Resendes and Charles Smith vs. Nicole Brown, FCP0402260M in the Rhode Island State Family Court, is not a contract right. See State v.Lush,103 N.W.2d 136, 138 (Neb. 1960) (noting that "(a) consent decree is as much a final decree and as conclusive upon the parties as is a decree which has been rendered after a hearing on the merits") (citing treatises); see also Dean v. Dean, 300 P. 1007, 1028 (Or.1931) (noting that "(a) consent decree is as much a final decree and as conclusive upon the parties as a final decree rendered after a trial on the merits"),See Rubano v. DiCenzo, RI. Supreme Court, No. 97-604-A. (P 97-398M).

Additionally, common law recognizes the status of the de facto parents and places them in parity with biological and adoptive parents. The United States Supreme

Court "has never held that 'family' or 'parents' are terms limited in their definition by a strict biological prerequisite"(Justice Bobbe J. Bridge, Washington State Supreme Court, November 4, 2005). The plaintiffs petition and motion clearly establish interference and conduct in violation of law and court orders; a wrongful act, resulting in injury. Under the FTCA 28 U.S.C.S 1346(b), the United States is liable for personal injury (including emotional injury) caused by negligent or wrongful act or omission of federal employees "under circumstances where the United States as a person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See Ruffalo v. United States No. 80-0675-CV-W-6., U.S. District Court, W.D. Missouri, W.D.

**2.** Plaintiffs assert that the claim is properly brought against the United States Attorney, in claims under the Application for Petition and Complaint of plaintiffs Petition for Declaratory Injunctive Relief and Damages.

**3.** Plaintiffs differ from Federal defendants' assertion, and contend that the Witness Protection Program, established by the Organized Crime Control Act of 1970, is a function of the United States Department of Justice. The regulations and procedures for the administration of the program apply to all organizations within the DOJ. See US Attorney>USAM>Title>9, 9-21-020. Further plaintiffs' claims are not an objection to the program, but a claim to the violation of its statutes, specifically, 18 U.S.C.S 3521. Subsec.(d) (1) (G), and 18 U.S.C.S 3524. (in its integral).

## IV. CONCLUSION

WHEREFORE, for all the foregoing reasons, Federal defendants' Motion to Dismiss should be denied.

Respectfully submitted,

Plaintiffs,

Pro se,

Louisa Resendes
Charles Smith

LOUISA RESENDES
CHARLES SMITH
51 Drowne St.
Cranston RI., 02905
(401) 935-7432
(401) 374-6859

**CERTIFICATION**

We hereby certify that on the 29th day of July, 2006, a true copy of the within was mailed to the following:

U.S Department of Justice
950 Pennsylvania Avenue
Washington, DC 20530

U.S. Attorney District of RI
50 Kennedy Plaza 8th Floor
Providence, RI 02903

RI State Attorney General
150 South Main Street
Providence, RI 02903

RI State Police
311 Danielson Pike
Scituate, RI 02857

Witness Protection Review Board
82 Smith Street
State Room 217
Providence, RI 02903

Denise C. Aiken, Esq.
RI Legal Services
56 Pine Street
Providence, RI 02903

Jan Head, Esq.
1345 Warwick Avenue
Warwick, RI 02888

Louisa Resendes Charles Smith
LOUISA RESENDES/CHARLES SMITH