UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LOUISA RESENDES and        :
CHARLES SMITH,           :
          Plaintiffs,   :
                    :
   v.                :     CA 06-286 ML
                    :
NICOLE BROWN, et al.,     :
        Defendants.  :

## REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

Before the Court is the Federal Defendants' Motion to Dismiss (Document ("Doc.") #3) ("Motion to Dismiss"). Plaintiffs Louisa Resendes and Charles Smith ("Plaintiffs") have filed an objection to the Motion to Dismiss. See Plaintiffs' Objection to Federal Defendants' Motion to Dismiss (Doc. #4) ("Objection").

The Motion to Dismiss has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Court conducted a hearing on August 22, 2006. After listening to oral argument, reading the memoranda submitted, and performing independent research, I recommend that the Motion to Dismiss be granted.

## I.  Background

Plaintiffs originally filed this action against a single defendant, Nicole Brown ("Defendant Brown"), in the Rhode Island Family Court on September 8, 2004. See State Court Record (Doc. #2), Family Court Domestic Civil Docket Sheet in P20042260M ("State Court Docket") at 1-2. On November 18, 2004, they filed an Amended Complaint, seeking guardianship and temporary custody of a minor child, the son of Defendant Brown. See State Court

Record, Amended Complaint filed in P20042260M ("Amended
Complaint") at 1, 3-4; State Court Docket at 2.  According to
Plaintiffs, they had raised the child since September of 2000,
four months after his birth.  See Amended Complaint at 1-2.  A
Family Court Stipulation dated January 18, 2005,[1] adjudged
Plaintiffs the de facto parents of the minor child and granted
them rights including, but not limited to, visitation and
communication with him.  See Notice of Removal (Doc. #1),
Attachment ("Att.") 1 (Petition and Complaint filed in
P20042260M) ("Petition") ¶ 8; State Court Record, Stipulation
filed in P20042260M ("Stipulation").  It appears that the child
resided with Plaintiffs until approximately July 6, 2005, when
Defendant Brown "abducted the Minor Child from the Plaintiff's
[sic] home abruptly terminating visitation of Minor Child with
the Plaintiffs."  Petition ¶ 10.  Sometime thereafter, Defendant
Brown was placed in the Witness Protection and Relocation Program
and was relocated, along with the minor child, out of the State
of Rhode Island by the Rhode Island State Attorney General's
Office.  See generally Petition; see also Notice of Removal, Att.
1 (Motion to Hold in Contempt filed contemporaneously with
Petition) at 2; Plaintiffs' Memorandum in Support of Objection to
Federal Defendants' Motion to Dismiss ("Plaintiffs' Mem.") at 3.

On June 14, 2006, Plaintiffs filed a Petition in the pending

---

[1] The Petition and Complaint filed in P20042260M in Family Court
on June 14, 2006, see Notice of Removal (Doc. #1), Attachment ("Att.")
1 (Petition and Complaint filed in P20042260M) ("Petition"), states
that the Stipulation filed in P20042260M ("Stipulation") was entered
on January 18, 2004, see id. at 3.  However, the Family Court Domestic
Civil Docket Sheet in that action reflects that the Stipulation was
actually filed on January 18, 2005.  See State Court Record (Doc. #2),
Family Court Domestic Civil Docket Sheet in P20042260M ("State Court
Docket") at 2-3.  Moreover, given the fact that Plaintiffs filed the
action in Family Court on September 8, 2004, see State Court Docket at
1-2, the Stipulation could not have been entered on January 18, 2004,
see Petition at 3.

Rhode Island Family Court case naming as defendants, *inter alia*, the United States of America Department of Justice and the United States Attorney General District of Rhode Island (collectively the "Federal Defendants").[2] See Petition; State Court Docket at 6. The United States Attorney for the District of Rhode Island filed a Notice of Removal in this Court on June 16, 2006, see Doc. #1, and notified the Rhode Island Family Court of the removal pursuant to 28 U.S.C. § 1446(2)(e), see State Court Docket at 6.

The Federal Defendants filed the instant Motion to Dismiss (Doc. #3) on July 19, 2006. On July 31, 2006, Plaintiffs' Objection (Doc. #4) was filed. A hearing was held on August 22, 2006, and the matter was thereafter taken under advisement.

## II. **The Petition**

According to the Petition, Plaintiffs "bring this action to obtain Declaratory Injunctive Relief and Damages and to Permanently Restrain Defendants individually and in their official capacity from [i]nterfering with Plaintiff's [sic] and Minor Child's Civil and De Facto parent rights as set forth in Stipulation of the Court ...." Petition at 1; see also id. at 6. They further seek to "recover their costs, expenses, losses and other damages incurred or to be incurred as a result of Defendants['] interference with Plaintiff's [sic] and Minor Child's Civil and De facto parent rights as set forth in Stipulation of the Court." Id. at 1; see also id. at 6.

The Petition contains four causes of action: interference, negligence, defamation, and conduct. See Petition at 5-6. In addition, each count refers to intentional or willful infliction

---

[2] The Petition is the operative complaint against Defendants United States of America Department of Justice and the United States Attorney General District of Rhode Island (collectively the "Federal Defendants").

of mental or emotional distress.  See Petition at 5-6.  In a
section entitled "Application for Petition and Complaint," id. at
6, Plaintiffs refer to "[c]ivil rights and interests protected by
and under the Constitution of the United States; Rhode Island
Constitution; Rhode Island General Laws pertaining to Domestic
Relations; Uniform Paternity Act; [and] federal and state Tort
Claims Act," id. ¶ 30.

## II.  Pro Se Status

Plaintiffs are proceeding pro se, and their Petition is held
to a less stringent standard than a complaint drafted by a
lawyer.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594,
596 (1972).  It is to be "read ... with an extra degree of
solicitude."  Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.
1991).  A court is required to liberally construe a pro se
complaint, see Strahan v. Coxe, 127 F.3d 155, 158 n.1 (1st Cir.
1997); Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993), and
may grant a motion to dismiss "only if plaintiff cannot prove any
set of facts entitling him to relief," Ahmed v. Rosenblatt, 118
F.3d 886, 890 (1st Cir. 1997).  The Court construes Plaintiffs'
Petition liberally in deference to their pro se status.  At the
same time, Plaintiffs' pro se status does not excuse them from
complying with procedural rules.  See Instituto de Educacion
Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 24 n.4 (1st
Cir. 2000).

## III. Discussion

The Federal Defendants seek dismissal of the Petition on the
following grounds: insufficiency of process, insufficiency of
service of process, lack of subject matter jurisdiction, and
failure to state a claim upon which relief may be granted,
pursuant to Rules 4(i), 12(b)(1), 12(b)(4), 12(b)(5), and
12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.
P.").  See Federal Defendants' Memorandum in Support of Motion to

4

Dismiss ("Federal Defendants' Mem.") at 1.  In addition, the
Federal Defendants note that Plaintiffs have named improper
parties.  See id. at 1 n.1.

## A.   Insufficient process and service of process

Rules 12(b)(4) and (5) of the Fed. R. Civ. P. provide for
dismissal of an action for insufficiency of process and
insufficiency of service of process.  See Fed. R. Civ. P.
12(b)(4), (5).  The Federal Defendants argue that because
Plaintiffs filed a Petition against the United States, they were
required to serve the United States in accordance with Fed. R.
Civ. P. 4(i).  See Federal Defendants' Mem. at 2-3.

Rule 4(i) provides, in relevant part:

> (1) Service upon the United States shall be effected
> (A) by delivering a copy of the summons and of the
> complaint to the United States attorney for the district
> in which the action is brought or to an assistant United
> States attorney or clerical employee designated by the
> United States attorney in a writing filed with the clerk
> of the court or by sending a copy of the summons and of
> the complaint by registered or certified mail addressed
> to the civil process clerk at the office of the United
> States attorney and
> (B) by also sending a copy of the summons and of the
> complaint by registered or certified mail to the Attorney
> General of the United States at Washington, District of
> Columbia, and
> (C) in any action attacking the validity of an order of
> an officer or agency of the Untied States not made a
> party, by also sending a copy of the summons and of the
> complaint by registered or certified mail to the officer
> or agency.

. . . .

Fed. R. Civ. P. 4(i)(1); see also Sanchez-Mariani v. Ellingwood,
691 F.2d 592, 594 (1st Cir. 1982)(describing process for service
upon United States under prior version of Fed. R. Civ. P. 4(i));
Vazquez v. Kemp, 764 F.Supp. 694, 697 (D.P.R. 1991)(same).
"These are mandatory requirements which cannot be dispensed with

5

as a simple formality," <u>Franco-Rivera v. Chairman of Bd. of Dirs.
of FDIC</u>, 690 F.Supp. 118, 122 (D.P.R. 1988), because "service of
process is the vehicle by which the court may obtain
jurisdiction," <u>Lorelei Corp. v. County of Guadalupe</u>, 940 F.2d
717, 720 n.1 (1st Cir. 1991).  It is Plaintiffs' burden of proof
to establish proper service of process.  <u>Saez Rivera v. Nissan
Mfg. Corp.</u>, 788 F.2d 819, 821 n.2 (1st Cir. 1986).

Here, although the Petition contains a certification that
the Petition was mailed to the United States Department of
Justice and the United States Attorney for the District of Rhode
Island on June 14, 2006, <u>see</u> Petition at 7, and that copies of
the Petition were faxed as well, <u>see id.</u>, there is no evidence
that either the United States Attorney General or the United
States Attorney for the District of Rhode Island was served by
personal service or by certified or registered mail, <u>see id.</u>; <u>see
also</u> Federal Defendants' Mem. at 4.  In addition, the mailed
Petition did not contain a summons.  <u>See</u> Federal Defendants' Mem.
at 4.

Plaintiffs do not deny that they failed to serve the Federal
Defendants in compliance with the Fed. R. Civ. P.  <u>See</u> Tape of
8/22/06 Hearing.  They argue that dismissal on this basis is
unwarranted because they are proceeding pro se.  <u>See id.</u>
However, Plaintiffs' pro se status does not excuse them from
complying with procedural rules.  <u>See</u> <u>Instituto de Educacion
Universal Corp. v. U.S. Dep't of Educ.</u>, 209 F.3d 18, 24 n.4 (1st
Cir. 2000); <u>see also</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113,
113 S.Ct. 1980, 1984 (1993)("[W]e have never suggested that
procedural rules in ordinary civil litigation should be
interpreted so as to excuse mistakes by those who proceed without
counsel."); <u>Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce</u>, 20
F.3d 503, 506 (1st Cir. 1994)("While courts have historically
loosened the reins for pro se parties, the right of self-

6

representation is not a license not to comply with relevant rules of procedural and substantive law.")(internal citations and quotation marks omitted).

Plaintiffs additionally argue that they served the Federal Defendants in accordance with the procedures of the Rhode Island Family Court, where the action was pending at the time. Plaintiffs' Mem. at 6-7 (citing R.I. Gen. Laws § 9-5-18[3]). However, it does not appear that Plaintiffs served the Federal Defendants in accordance with rules of procedure governing service in Family Court proceedings. See R.I. R. Dom. Rel. P., R. 4.[4] More significantly, Plaintiffs cite no authority in

---

[3] **9-5-18.  Adaptation of forms to more than one defendant.—**

Whenever process shall issue against more than one defendant, the forms provided by law may be altered so as to combine the summons, the writ of arrest, and the writ of attachment, in order that they may be served on one or more of the defendants by one form of service and on the other or others by another form of service.

R.I. Gen. Laws § 9-5-18 (1997 Reenactment).

[4] Rule 4 provides, in relevant part, that:

(a) Summons: Form.  The summons shall bear the signature or facsimile signature of the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, and the time within which these rules require the defendant to appear and defend, and shall notify the defendant that in case of his or her failure to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint.
(b) Same: Issuance.  The summons may be procured in blank from the clerk and shall be filled out by the plaintiff's attorney as provided in subdivision (a) of this rule.  The plaintiff's attorney shall deliver to the person who is to make service the original summons upon which to make his or her return of service and a copy of the summons and of the complaint for service upon the defendant.  Additional summons may be issued against any defendant.
(c) By Whom Served.  Service of all process shall be made by a sheriff or the sheriff's deputy, within the sheriff's county

support of the proposition that the United States and/or its
officers may be served in a manner other than that required by
the Fed. R. Civ. P.  Accordingly, the Court concludes that
Plaintiffs have not met their burden of establishing proper
service of process.  See Saez Rivera, 788 F.2d at 821 n.2.

The Court finds that Plaintiffs have not served the Federal
Defendants in accordance with Fed. R. Civ. P. 4(i).  Accordingly,
their Motion to Dismiss should be granted on the basis of
insufficient process and insufficient service of process pursuant
to Fed. R. Civ. P. 12(b)(4) and (5).  I so recommend.

**B.   Failure to file an administrative claim**

Next, the Federal Defendants contend that Plaintiffs failed
to file an administrative claim pursuant to 28 U.S.C. § 2675.
Federal Defendants' Mem. at 4-6.  Thus, they argue that this
Court lacks subject matter jurisdiction over Plaintiffs' Federal
Tort Claims Act ("FTCA") claims against the Federal Defendants.
Id. at 5.

> The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346,
> 2671-2680, waives the sovereign immunity of the United
> States to suits in tort.  The prerequisite for liability
> under the Act is a "negligent or wrongful act or omission

---

unless otherwise provided by law, by any other person
authorized by law, or by some person specially appointed by
the court for that purpose ....
(d) Summons: Personal Service.  The summons and complaint
shall be served together.  The plaintiff shall furnish the
person making service with such copies as are necessary.
Service shall be made as follows:
(1) Upon an individual other than an incompetent person ... by
delivering a copy of the summons and complaint to the
defendant personally or by leaving copies thereof at the
defendant's dwelling house or usual place of abode with some
person of suitable age and discretion then residing therein or
by delivering a copy of the summons and complaint to an agent
authorized by appointment or by law to receive service of
process ....

R.I. Dom. Rel. P. R. 4.

8

of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

Santiago-Ramirez v. Sec'y of Dep't of Defense, 984 F.2d 16, 18 (1st Cir. 1993); see also Patterson v. United States, 451 F.3d 268, 270 (1st Cir. 2006)(quoting 28 U.S.C. § 1346(b)(1)); Bolduc v. United States, 402 F.3d 50, 55 (1st Cir. 2005)("The FTCA evinces a waiver of sovereign immunity with respect to certain categories of torts committed by federal employees in the scope of their employment.  It simultaneously grants the federal district courts jurisdiction over such claims.")(internal citation omitted); Santoni v. Potter, 369 F.3d 594, 602 (1st Cir. 2004)("The Federal Tort Claims Act provides a limited congressional waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment.  Under the statute, the United States may be held civilly liable in the same manner and to the same extent as a private individual under like circumstances.") (internal citation and quotation marks omitted); Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000)("The FTCA waives the sovereign immunity of the United States with respect to tort claims and provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his or her scope of employment.")(internal citation omitted).  "However, unlike a suit against a private person, the Congress has created an administrative procedure that claimants must follow and exhaust.  This procedure allows the agency involved to receive a claim, investigate, and perhaps settle the dispute before a suit

9

is filed.  28 U.S.C. § 2675.[5]" <u>Santiago-Ramirez</u>, 984 F.2d at 18.
Under the aforementioned administrative procedure,

> [i]n order to bring a tort claim against the United
> States under the FTCA, a claimant must first file an
> Administrative Claim with the appropriate federal agency
> within two years of the accrual of the claim and then
> file a tort claim against the United States within six
> months after a denial of (or failure to act upon) that
> claim by the administrative agency.

<u>Roman</u>, 224 F.3d at 27; <u>see also</u> <u>Patterson</u>, 451 F.3d at 270 ("[a]
tort claim against the United States shall be forever barred
unless it is presented in writing to the appropriate Federal
agency within two years after such claim accrues")(quoting 28
U.S.C. § 2401(b)[6])(alteration in original).  In order to provide
the government with the requisite notice under 28 U.S.C. §

---

[5] Section 2675(a) provides in relevant part:

> An action shall not be instituted upon a claim against the
> United States for money damages for injury or loss of property
> or personal injury or death caused by the negligent or
> wrongful act or omission of any employee of the Government
> while acting within the scope of his office or employment,
> unless the claimant shall have first presented the claim to
> the appropriate Federal agency and his claim shall have been
> finally denied by the agency in writing and sent by certified
> or registered mail.  The failure of an agency to make final
> disposition of a claim within six months after it is filed
> shall, at the option of the claimant any time thereafter, be
> deemed a final denial of the claim for purposes of this
> section.

28 U.S.C. § 2675(a).

[6] Section 2401(b) states that:

> A tort claim against the United States shall be forever barred
> unless it is presented in writing to the appropriate Federal
> agency within two years after such claim accrues or unless
> action is begun within six months after the date of mailing,
> by certified or registered mail, of notice of final denial of
> the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

2675(a), see Santiago-Ramirez, 984 F.2d at 19, a claimant is
required to present to the agency "an executed Standard Form 95
or other written notification of an incident, accompanied by a
claim for money damages in a sum certain ...," id. (quoting 28
C.F.R. § 14.2(a)[7]).

　　"Timely filing of an administrative claim is a
jurisdictional prerequisite to suit." Cascone v. United States,
370 F.3d 95, 103 (1st Cir. 2004); see also Corte-Real v. United
States, 949 F.2d 484, 485-86 (1st Cir. 1991)("The requirements
that a claimant timely present a claim, in writing, stating a sum
certain are prerequisites to a federal court's jurisdiction to
entertain a suit against the United States under the FTCA.").
"As with all waivers of sovereign immunity, the FTCA must be
'construed strictly in favor of the federal government ....'"
Bolduc, 402 F.3d at 56 (citation omitted); see also Cascone, 370
F.3d at 103 ("Because the FTCA is a waiver of sovereign immunity,
it is strictly construed.").

　　Plaintiffs deny that they failed to file an administrative
claim, citing materials attached to their Objection.
Plaintiffs' Mem. at 7.  These materials include a letter from
Plaintiff Resendes to the United States Attorney for the District
of Rhode Island, Robert Clark Corrente ("U.S.A. Corrente"), dated
February 6, 2006, to which she apparently attached a copy of a

---

　　[7] Section 14.2(a) provides in relevant part that:

　　For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and
　　2675, a claim shall be deemed to have been presented when a
　　Federal agency receives from a claimant, his duly authorized
　　agent or legal representative, an executed Standard Form 95 or
　　other written notification of an incident, accompanied by a
　　claim for money damages in a sum certain for injury to or loss
　　of property, personal injury, or death alleged to have
　　occurred by reason of the incident ....

20 C.F.R. § 14.2(a) (2006).

complaint she sent to the Rhode Island Office of the Attorney
General (to the attention of Criminal Investigations), also dated
February 6, 2006; a copy of a United States Postal Services
certified mail receipt bearing the address of the U.S. Attorney's
Office and a delivery date of February 9, 2006; and a response
from Assistant United States Attorney ("A.U.S.A.") Gerald B.
Sullivan, Chief, Criminal Division, dated February 13, 2006,
which references her complaint against the Attorney General of
Rhode Island.  See Plaintiffs' Mem., Attachments[8] ("Att.").

Despite Plaintiffs' implication to the contrary, these
documents cannot be construed as the filing of an administrative
claim or denial thereof.  The body of the February 6, 2006,
letter to U.S.A. Corrente reads as follows:

> The United States of America is the greatest country in
> the world in all of its splendor of dreams come true,
> freedom and human rights.  As such it is not only my
> right but my duty to contribute as a member of society in
> keeping its splendor and integrity intact, so that this
> great beloved country may continue to serve as an example
> to all other nations and give hope to human kind.
> Please assist me in fulfilling this humble effort by
> reviewing the claim enclosed, so that it may receive
> prompt attention, due to the sensitive nature involving
> a (5) year old child.

Plaintiffs' Mem., Att. 1 at 1.  There is no indication that
Plaintiffs' intention in sending this letter was to file a claim

---

[8] Plaintiffs do not individually number these attachments, but
include a list of three items attached:

1. Correspondence to US Attorney General Robert C. Corrente,
cover letter (1 page); copy of complaint (pages 1-3) ....
2. Correspondence from US Attorney General's Office (1 page).
3. Correspondence from RI State Attorney General's Office (1
page).

Plaintiffs' Memorandum in Support of Objection to Federal Defendants'
Motion to Dismiss ("Plaintiffs' Mem."), Attachments.  The Court
follows the numbering in Plaintiffs' list when citing to the above
attachments.

against any United States official.  See Santiago-Ramirez, 984
F.2d at 19 ("We understand a plaintiff to have satisfied the
notice requirement of section 2675 if he or she provides a claim
form or 'other written notification' which includes (1)
sufficient information for the agency to investigate the claims,
and (2) the amount of damages sought.").  The complaint attached
to the February 6, 2006, letter to U.S.A. Corrente is addressed
to the Rhode Island Office of the Attorney General and accuses
the "Attorney General," Att. 1 at 2, of "obstructing justice,"
id., "abusing its discretionary power," id., and "willfully
violating constitutional rights," id. at 3.  There are several
references to the Attorney General contained therein, see id. at
2-4, and no references to any federal officials, see id.  Thus,
there is insufficient information provided to put the U.S.
Attorney's Office on notice of any claims against federal
officials or to allow investigation of such claims.  See
Santiago-Ramirez, 984 F.2d at 19.  Moreover, no amount of damages
is stated.  See id.

     In addition, A.U.S.A. Sullivan's response to the February 6,
2006, letter cannot be considered a denial of or failure to act
on an administrative claim, see 28 U.S.C. § 2675(a); Roman, 224
F.3d at 27.  A.U.S.A. Sullivan's response states that:

>      I have received and reviewed your letter of February 6,
> 2006, along with the enclosed complaint.  I cannot
> determine the precise nature of your complaint from the
> documents that you supplied.  Although you generally
> describe a matter involving child custody and witness
> protection, five other documents that you claim were
> enclosed with your letter were not there.
>      I would have called you but you did not furnish a
> telephone number.  Please provide more information,
> supply the missing documents, or call me to explain the
> problem.

Plaintiffs' Mem., Att. 2; see also 28 U.S.C § 2675(a) (noting
prerequisite that "claim shall have been finally denied by the

agency in writing and sent by certified or registered mail"[9]).
There is no evidence that Plaintiffs took any further action
before filing the Petition.  Accordingly, the Court concludes
that they have failed to exhaust their administrative remedies.

"The FTCA bars claimants from bringing suit in federal court
until they have exhausted their administrative remedies." McNeil
v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993);
see also Corte-Real v. United States, 949 F.2d 484, 485-86 (1st
Cir. 1991).  Plaintiffs here have failed to do so.  Therefore,
this Court lacks jurisdiction over Plaintiffs' FTCA claims
against the Federal Defendants, and those claims should be
dismissed.  See McNeil, 508 U.S. at 113, 113 S.Ct. at 1984
("Because petitioner failed to heed that clear statutory command,
the District Court properly dismissed his suit."); Gonzalez v.
United States, 284 F.3d 281, 288 (1st Cir. 2002)("[I]t is well-
settled that an FTCA claim must be dismissed if a plaintiff fails
to file a timely administrative claim.  This court has repeatedly
held that compliance with this statutory requirement is a
jurisdictional prerequisite to suit that cannot be waived.")
(internal citations omitted); Santiago-Ramirez, 984 F.2d at 18
("Failure to timely file an administrative claim with the
appropriate federal agency results in dismissal of the
plaintiff's claim, since the filing of an administrative claim is
a non-waivable jurisdictional requirement.").  I so recommend.

C.   **Failure to state a claim upon which relief may be
     granted**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6),
the court construes the complaint in the light most favorable to
the plaintiff, see Paradis v. Aetna Cas. & Sur. Co., 796 F.Supp.

---

[9] Even if A.U.S.A. Sullivan's letter could reasonably be
construed as a final denial--which it cannot--that there is no
indication that it was sent by registered or certified mail.

59, 61 (D.R.I. 1992); <u>Greater Providence MRI Ltd. P'ship v. Med.</u>
<u>Imaging Network of S. New England, Inc.</u>, 32 F.Supp.2d 491, 493
(D.R.I. 1998), taking all well-pleaded allegations as true and
giving the plaintiff the benefit of all reasonable inferences,
<u>see</u> <u>Arruda v. Sears, Roebuck & Co.</u>, 310 F.3d 13, 18 (1st Cir.
2002). If under any theory the allegations are sufficient to
state a cause of action in accordance with the law, the motion to
dismiss must be denied. <u>Hart v. Mazur</u>, 903 F.Supp. 277, 279
(D.R.I. 1995). The court "should not grant the motion unless it
appears to a certainty that the plaintiff would be unable to
recover under any set of facts." <u>Roma Constr. Co. v. aRusso</u>, 96
F.3d 566, 569 (1st Cir. 1996); <u>accord</u> <u>Conley v. Gibson</u>, 355 U.S.
41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); <u>see also</u> <u>Arruda</u>
<u>v. Sears, Roebuck & Co.</u>, 310 F.3d at 18 ("[W]e will affirm a Rule
12(b)(6) dismissal only if 'the factual averments do not justify
recovery on some theory adumbrated in the complaint.'").

    The court, however, is not required to credit "bald
assertions, unsupportable conclusions, and opprobrious epithets."
<u>Dartmouth Review v. Dartmouth Coll.</u>, 889 F.2d 13, 16 (1st Cir.
1989)(internal quotation marks omitted)(quoting <u>Chongris v. Bd.</u>
<u>of Appeals</u>, 811 F.2d 36, 37 (1st Cir. 1987)). Rule 12(b)(6) is
forgiving, but it "is not entirely a toothless tiger." <u>Campagna</u>
<u>v. Massachusetts Dep't of Envtl. Prot.</u>, 334 F.3d 150, 155 (1st
Cir. 2003)(quoting <u>Dartmouth Review v. Dartmouth Coll.</u>, 889 F.2d
at 16). A plaintiff must allege facts in support of "each
material element necessary to sustain recovery under some
actionable legal theory." <u>Dartmouth Review v. Dartmouth Coll.</u>,
889 F.2d at 16 (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513,
515 (1st Cir. 1988)).

    According to the Federal Defendants, Plaintiffs have failed
to state claims upon which relief may be granted for several
reasons. First, the Federal Defendants argue that interference

and conduct are not valid tort claims.  Federal Defendants' Mem.
at 6-7.  Second, they observe that the FTCA does not waive
sovereign immunity for defamation claims.  Id. at 7-8.  Third,
they submit that even if they were involved in the decision-
making process in the instant matter—which they deny—any claims
based on the federal Witness Relocation and Protection statute,
18 U.S.C. § 3521, are barred by the statute, see Federal
Defendants' Mem. at 8-9.

The Court agrees that Plaintiffs' First and Fourth Causes of
Action, for interference[10] and conduct, do not state cognizable
tort claims under Rhode Island law.  However, both counts also
refer to the tort of intentional infliction of emotional
distress.  See Petition at 5 (First Cause of Action)
("Intentional Infliction of Mental Distress"), 6 (Fourth Cause of
Action) ("Infliction of Emotional and Mental Distress and
Financial Burden").  "Claims against the government for
intentional infliction of emotional distress are not excepted
from the FTCA."  Santiago-Ramirez v. Sec'y of Dep't of Defense,
984 F.2d 16, 20 (1st Cir. 1993); accord Raz v. United States, 343
F.3d 945, 948 (8th Cir. 2003)(noting that intentional infliction
of emotional distress claims are not barred by FTCA's
intentional-torts exception).  Construing Plaintiffs' Petition
liberally as it must, see Strahan v. Coxe, 127 F.3d 155, 158 n.1
(1st Cir. 1997), the Court addresses the required elements of the
tort of intentional infliction of emotional distress.

The law of the state in which the allegedly tortious acts
took place provides the source of substantive liability under the

---

[10] Although the Federal Defendants suggest that Plaintiffs' First
Cause of Action may refer to the tort of interference with contract
rights, see Federal Defendants' Memorandum in Support of Motion to
Dismiss ("Federal Defendants' Mem.") at 6-7, which is barred under the
Federal Tort Claims Act ("FTCA"), see 28 U.S.C. § 2680(h), Plaintiffs
deny that their First Cause of Action involves contract rights, see
Plaintiffs' Mem. at 8.

FTCA. <u>See</u> <u>Bolduc v. United States</u>, 402 F.3d 50, 56 (1st Cir. 2005); <u>Davric Maine Corp. v. United States Postal Service</u>, 238 F.3d 58, 64 (1st Cir. 2001). Under Rhode Island law, in order to prevail on a claim of intentional infliction of emotional distress, Plaintiffs must "prove extreme and outrageous conduct that intentionally or recklessly resulted in causing ... severe emotional distress." <u>Vallinoto v. DiSandro</u>, 688 A.2d 830, 838 (R.I. 1997). In addition, "a plaintiff must prove physical symptomatology resulting from the alleged improper conduct." <u>Id.</u>; <u>see also</u> <u>Clift v. Narragansett Television, L.P.</u>, 688 A.2d 805, 813 (R.I. 1996)(noting that to avoid summary judgment, plaintiffs "were required to allege in their complaint and demonstrate not only extreme and outrageous conduct on the part of [the defendant], but also the existence of resulting physical symptomatology").

Plaintiffs here have not alleged "extreme and outrageous conduct",[11] <u>id.</u>, on the part of the Federal Defendants. Although Plaintiffs plead, on information and belief, that "each of the Defendants known and unknown is legally responsible in some manner for the occurrences alleged in this Petition and unlawfully caused the injuries and damages to Plaintiffs and Minor Child ... as alleged in this Petition," Petition ¶ 5, and that "each Defendant known and unknown was the agent, employee, or conspirator of every other Defendant, and in doing the acts alleged in this Petition, was acting within the course, scope and authority of their [sic] agency or employment ...," <u>id.</u> ¶ 6, it is not at all clear how the Federal Defendants' "conduct has and continues to obstruct and interfere with reckless disregard of Plaintiff's [sic] and minor child['s] ... civil and De facto

---

[11] Indeed, it is unclear from the Petition what, if any, conduct can be ascribed to the Federal Defendants.

17

parent rights as well as full enjoyment of their cherished
relationship resulting in the suffering of extreme mental
distress," Petition ¶ 23, or how the Federal Defendants "have and
continue to interfere and obstruct with reckless disregard
Plaintiff's [sic] and Minor Child's rights causing extreme mental
suffering and acute mental distress on the Plaintiffs and Minor
Child by willfully, maliciously and outrageously rendering it
impossible for any personal contact or other communication to
take place between the Plaintiffs and Minor Child as well as full
enjoyment of their cherished relationship, and causing personal
economic loss and financial hardship on the Plaintiffs," id. ¶
29.

     These allegations amount to no more than "bald assertions
[and] unsupportable conclusions ...." Dartmouth Review v.
Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989). Even a pro se
plaintiff must allege facts in support of "each material element
necessary to sustain recovery under some actionable legal
theory." Id. Plaintiffs in the instant matter have not done so.

     The same is true for Plaintiffs' Second Cause of Action,
entitled "Negligence," Petition at 5, but also including
"Intentional Infliction of Emotional Distress," id. Plaintiffs
have not alleged how the Federal Defendants have "negligently
breach[ed] their duty of care and responsibility to statutory
requirements and intentionally inflict[ed] extreme emotional
distress upon Plaintiff's [sic] and Minor Child's civil and De
facto parent rights as well as full enjoyment of their cherished
relationship resulting in the suffering of extreme emotional
distress," id. ¶ 25, nor have they claimed physical
symptomatology resulting therefrom. The Court is not required to
accept Plaintiffs' unsupported assertions. See Dartmouth Review,
889 F.2d at 16.

18

In their Third Cause of Action, defamation, see Petition at
5, Plaintiffs allege that all Defendants "have and continue to
willfully defame Plaintiff's [sic] good name and reputation by
engaging in prejudicial and biased conduct; obstructing and
interfering with Plaintiff's [sic] and Minor Child's civil and De
facto parent rights; rights to civil proceedings by
misrepresentation to the court as well as full enjoyment of their
cherished relationship resulting in the suffering of extreme
emotional distress," id. ¶ 27.  However, the FTCA explicitly
states that, with the exception of law enforcement officers:[12]

> The provisions of this chapter and section 1346(b) of
> this title shall not apply to--
>
> ****
>
> (h) Any claim arising out of assault, battery, false
> imprisonment, false arrest, malicious prosecution, abuse
> of process, **libel, slander,** misrepresentation, deceit, or
> interference with contract rights ....

28 U.S.C. § 2680 (bold added); see also Santoni v. Potter, 369
F.3d 594, 602 (1st Cir. 2004)("Certain types of intentional torts
are exempted from the FTCA's waiver of sovereign immunity....");
Raz v. United States, 343 F.3d at 948 (agreeing that plaintiff
"may not proceed under the FTCA on a claim for slander"); Orsay
v. United States Dep't of Justice, 289 F.3d 1125, 1132 (9th Cir.
2002)("The FTCA's waiver of the federal government's sovereign
immunity does not apply ... to claims 'arising out of assault'
and other intentional torts specified in the statute unless the

---

[12] Section 2680(h) defines "investigative or law enforcement
officer" as "any officer of the United States who is empowered by law
to execute searches, to seize evidence, or to make arrests for
violations of Federal law."  28 U.S.C. § 2680(h).  This exception does
not apply to the United States Attorney General or the United States
Attorney for the District of Rhode Island.

claims involve 'acts or omissions of investigative or law
enforcement officers of the United States Government.'")(quoting
28 U.S.C. § 2680(h)).  Thus, Plaintiffs' Third Cause of Action is
barred because defamation is an intentional tort for which the
FTCA does not waive sovereign immunity.  <u>Davric Maine Corp.</u>, 238
F.3d at 62 (noting that exceptions provision of 28 U.S.C. § 2680
states that "the provisions of the FTCA 'shall not apply' to
defamation suits")(quoting 28 U.S.C. § 2680); <u>Jimenez-Nieves v.
United States</u>, 682 F.2d 1, 6 (1st Cir. 1982)(noting that FTCA
"explicitly exempts 'libel' and 'slander'—what amounts to
'defamation,' Prosser, supra, § 111 at 737—from the claims to
which the Untied States grants consent to be sued").

      Plaintiffs claim violations of their "Civil Rights and
interests protected by and under the Constitution of the United
States ...," Petition ¶ 30, and allege violations of the Witness
Relocation and Protection statute, <u>id.</u> ¶¶ 11-13, 17, as well as
the Full Faith and Credit Act,[13] <u>see id.</u> ¶ 11.  However,
"[f]ederal constitutional or statutory law cannot function as the
source of FTCA liability." <u>Bolduc</u>, 402 F.3d at 56; <u>see also</u> <u>FDIC
v. Meyer</u>, 510 U.S. 471, 478, 114 S.Ct. 996, 1001 (1994)("[T]he
United States simply has not rendered itself liable under §
1346(b) for constitutional tort claims."); <u>Davric Maine Corp.</u>,

---

[13] Plaintiffs describe this statute as the "Federal Kidnapping
Prevention Act (28 USC [§] 1738A)," Petition ¶ 11.  However, section
1738A is part of the Full Faith and Credit Act, pertaining to child
custody determinations, and reads in relevant part as follows:

   (a) The appropriate authorities of every State shall enforce
   according to its terms, and shall not modify except as
   provided in subsections (f), (g), and (h) of this section, any
   custody determination or visitation determination made
   consistently with the provisions of this section by a court of
   another State.

28 U.S.C. § 1738A.

238 F.3d at 63 (noting <u>Meyer</u>'s holding that federal
constitutional tort claim is not cognizable under FTCA).
Moreover, even if the Court could reasonably infer that the
Federal Defendants took any action with regard to the placement
of Defendant Brown and the minor child in a witness protection
program (which it cannot), they are immune from liability under
the Witness Relocation and Protection statute, <u>see</u> 18 U.S.C. §
3521(a)(3) ("The United States and its officers and employees
shall not be subject to any civil liability on account of any
decision to provide or not to provide protection under this
chapter.").

Based on the foregoing, the Court concludes that Plaintiffs'
Petition, as it relates to the Federal Defendants, should also be
dismissed for failure to state a claim upon which relief can be
granted, <u>see</u> Fed. R. Civ. P. 12(b)(6).  I so recommend.

### D.   **Failure to name proper party**

Finally, the Federal Defendants note that Plaintiffs have
named improper parties.  Federal Defendants' Mem. at 1 n.1.  In
the Petition Plaintiffs named the "United States of America
Department of Justice," Petition at 1, and the "United States
Attorney General District of Rhode Island," <u>id.</u>  However, "the
FTCA requires that the named defendant in an FTCA action be the
United States and only the United States." <u>Roman v. Townsend</u>,
224 F.3d 24, 27 (1st Cir. 2000)(citing 28 U.S.C. §§ 1346(b),
2674, 2679(a)); <u>see also</u> <u>McCloskey v. Mueller</u>, 446 F.3d 262, 266
(1st Cir. 2006)(noting, regarding plaintiffs' FTCA claims against
various defendants, that "the United States is the only proper
defendant in such an action").  "Failure to name the United
States as defendant in an FTCA suit results in a fatal lack of
jurisdiction." <u>Roman</u>, 224 F.3d at 28 (quoting <u>Allgeier v. United
States</u>, 909 F.2d 869, 871 (6th Cir. 1990)); <u>see also</u> <u>McCloskey</u>,

21

446 F.3d at 266 (noting that district court correctly held that no FTCA claim could lie against named federal defendants). Accordingly, the Federal Defendants' Motion to Dismiss should be granted for this reason as well, and I so recommend.

## IV.   State Law Claims

Having determined that the federal claims against the Federal Defendants should be dismissed, the Court's exercise of supplemental jurisdiction over any remaining state law claims against the Federal Defendants is discretionary.[14]   See DM Research, Inc. v. Coll. of Am. Pathologists, 2 F.Supp.2d 226, 230 (D.R.I. 1998)("Having determined that the sole federal claim should be dismissed, the Court has discretion to determine whether it should exercise supplemental jurisdiction over those [state law] claims.")(citing 28 U.S.C. § 1367(c)(3)[15]), aff'd, 170 F.3d 53 (1st Cir. 1999).   In the present action, the Court recommends that the exercise of supplemental jurisdiction over Plaintiffs' state law claims against the Federal Defendants be declined and that those claims be dismissed without prejudice.

---

[14] As noted previously, Plaintiffs allege violations of their rights under the Rhode Island Constitution, Rhode Island General Laws pertaining to domestic relations, the Uniform Paternity Act, and the state Tort Claims Act.   See Petition ¶ 30.

[15] Section 1367(c) provides that:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

22

See DM Research, Inc., 2 F.Supp.2d at 230 ("Certainly, if the
federal claims are dismissed before trial, even though not
insubstantial in a jurisdictional sense, the state claims should
be dismissed as well.")(quoting United Mine Workers of Am. v.
Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966)); see also
Springfield Terminal Ry. Co. v. Canadian Pacific Ltd., 133 F.3d
103, 110 (1st Cir. 1997)(affirming district court's grant of
summary judgment for defendants on federal claims and noting that
"we see no reason to question the district court's action in
declining to exercise its supplemental jurisdiction over state
law claims"); Jones v. Rhode Island, 724 F.Supp. 25, 34 (D.R.I.
1989)("Since the Court has dismissed all federal claims against
[certain defendants], no independent basis of federal
jurisdiction exists as to these defendants.  Accordingly, because
of the absence of such federal jurisdiction, this Court must also
dismiss the pendent state constitutional claims asserted against
them.").

**V.    Conclusion**

For the reasons stated above, I recommend that the Motion to
Dismiss be granted and that the Petition be dismissed as to the
Federal Defendants.  I also recommend that the Court decline to
exercise supplemental jurisdiction over Plaintiff's state law
claims, if any, against the Federal Defendants and that those
claims be dismissed without prejudice.

Any objections to this Report and Recommendation must be
specific and must be filed with the Clerk of Court within ten
(10) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv
72(d).  Failure to file specific objections in a timely manner
constitutes waiver of the right to review by the district court
and of the right to appeal the district court's decision.  See
United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986);

Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st
Cir. 1980).

DAVID L. MARTIN
United States Magistrate Judge
November 2, 2006