UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LOUISA RESENDES and CHARLES SMITH, Plaintiffs, | : | |
| v. | : | CA 06-286 ML |
| NICOLE BROWN, et al., Defendants. | : | |

**NOTICE AND ORDER**

On December 8, 2006, this Magistrate Judge received a letter from pro se Plaintiffs Louisa Resendes and Charles Smith ("Plaintiffs"), requesting guidance regarding "how to proceed in the above entitled matter in order to have the matter remanded back to the Rhode Island Family Court."[1] Letter from Plaintiffs to Martin, M.J., of 12/7/06[2] (Document ("Doc.") #8). The Court treats Plaintiffs' letter as a motion to remand this matter to the Providence County Family Court. This Court will further assume that the motion is based on the domestic relations exception to federal jurisdiction, see Norton v. McOsker, 407 F.3d 501, 505 (1st Cir. 2005)("The domestic relations exception 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'")(quoting Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S.Ct. 2206, 2215 (1992)), or on a request from Plaintiffs that the Court abstain from exercising jurisdiction, see Dunn v. Cometa, 238 F.3d 38, 42 (1st Cir. 2001)(stating that case for abstention is "even stronger if the

---

[1] A copy of the letter is attached to this Notice and Order.

[2] The action was removed to this Court from the Providence County Family Court on June 16, 2006, by the United States of America. See Notice of Removal (Doc. #1). On November 30, 2006, the Court granted the United States of America's motion to dismiss. See Order of 11/30/06 (Doc. #6).

claims ... could not be resolved without resolving a dispute as to family status under state law, Ankenbrandt, 504 U.S. at 706, 112 S.Ct. [at 2216], or if the relief sought would interfere with the state courts' machinery for divorce, alimony or child custody").

**Accordingly, any party objecting to Plaintiffs' motion to remand this action to the Providence County Family Court shall file an objection by December 28, 2006.** Parties objecting to the motion are directed to address in the memorandum filed in support of their objection: 1) the applicability to this case of the domestic relations exception to federal jurisdiction, see Norton v. McOsker, 407 F.3d 501, 505 (1st Cir. 2005), and 2) whether the Court should abstain from exercising jurisdiction as to the remaining Defendants in this matter[3] pursuant to Burford v. Sun Oil Co., 319 U.S. 315, 334, 63 S.Ct. 1098 (1943), as discussed by the First Circuit in Dunn v. Cometa, 238 F.3d 38, 42 (1st Cir. 2001).

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
December 12, 2006

BY ORDER:

Deputy Clerk

[3] See n.2.